**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Jesus Vazquez, | ) | Civil Action No. 8:21-0314-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden Stevie Knight, | ) | |
| Respondent. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation (R & R) that Petitioner's petitioner for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice and without requiring Respondent to file an answer or return. The Magistrate Judge further recommends that Petitioner's motion for notice of immediate consideration of the § 2241 petition be denied. (Dkt. No. 13.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to deny without prejudice the § 2241 petition and deny the motion for notice of immediate consideration.

**I.   Background**

In 2008, Petitioner pled guilty in the United States District Court for the Middle District of Florida to one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a), (b) and 846, and one count of distributing a controlled substance in violation of §§ 841(a) and (b). He was sentenced to 240 months imprisonment and 10 years supervised release. *See United States v. Vazquez*, No. 2:08-cr-0043-JES-SPC-1 (M.D. Fla. Oct. 8, 2008).

In January 2021, Petitioner initiated the instant action, proceeding *pro se* to challenge the Bureau of Prison (BOP) calculation of Earned Time Credit (ETC) pursuant to the First Step Act.

He raises three grounds for relief in the instant § 2241. Ground One asserts that "Federal Correctional Institution Estill is a facility within the Federal Bureau of Prisons [and] has failed to apply his earned time credits for 'Evidence-Based Recidivism Reduction Programming' under the First Step Act, 18 U.S.C. § 3632(d)(4)(A)" and that "[a] review of Petitioner's Sentence Computation Sheet does not reflect the 'Earned-Time' credits." (Dkt. No. 1 at 8.) Ground Two asserts that "Petitioner's sentence duration has been impacted by the BOP's failure to credit his sentence." (*Id*.) Ground Three asserts that "FCI Estill is not meeting its performance requirements under Section 3621(h)(3)" as supported by the fact that the "BOP pursuant to the statute must apply the Petitioner's earned time credits for participation." (*Id*. at 9.) As relief, Petitioner requests the that the Court "order that BOP grant 365 days and any other relief deemed applicable." (*Id*.) Petitioner asserts that all three grounds were presented in a prior administrative proceeding—the "BOP Administrative Remedy Process." He further asserts that he did not file an Administrative Remedy Appeal (Form BP-10) because it would be futile, did not file a final administrative appeal under 28 C.F.R. § 542.15 concerning the BOP decision because it would be futile, and that "[a]ny further exhaustion would be futile due to a narrow dispute of statutory construction which is exempt from the exhaustion process." (*Id*. at 6.)

The Magistrate Judge recommends that all grounds be dismissed for Petitioner's failure to fist exhaust available administrative remedies pursuant to the Prison Litigation Reform Act. Petitioner objects. (Dkt. No. 16.)

**II.     Legal Standard**

**A.     Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court that has no presumptive weight and, therefore, the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**B.     28 U.S.C. § 2241**

A petitioner may seek habeas corpus under § 2241 when challenging the computation or execution of his federal sentence. *United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004). A § 2241 is "the proper means for a federal prisoner to challenge the BOP's sentencing calculations." *Diaz v. Warden, FCI Edgefield*, No. 4:17-cv-0093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017). The petition must be brought against the warden of the facility in which the petitioner is incarcerated, and in the district of incarceration rather than before the sentencing court.

**C.     Exhaustion of Administrative Remedies**

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once a defendant actually commences serving his sentence. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Accordingly, the Attorney General, through the BOP, must make the initial determination to award sentence credit for time spent in official detention; a district court does not have the jurisdiction to make an initial determination. *U.S. v. Jeter*, 161 F.3d 4, at *1 (4th Cir.

1998) (unpublished table decision). As a result, prior to filing a § 2241 habeas petition, a petitioner must exhaust his administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004). The requirement to exhaust administrative remedies is not waivable. *Jeter*, 161 F.3d 4, at *2. Further, a petitioner's failure to exhaust administrative remedies is excused only upon a showing of cause and prejudice. *McClung*, 90 F. App'x at 445.

The BOP's Administrative Remedy Program is found at 28 C.F.R. §§ 542.10 through 542.19. The grievance process consists of three levels of review: institutional, regional, and national. *See id.* First, an inmate must seek to informally resolve any complaint relating to his confinement. *Id.* § 542.13. Next, if the complaint cannot be resolved informally, the inmate may file a formal written Administrative Remedy Request; Requests must be filed within twenty days of the incident giving rise to the complaint. *Id.* § 542.14. Then, if the inmate is dissatisfied with the response, he may appeal to the Regional Director; appeals to the Regional Director must be submitted within twenty days of the date the warden signed his response. *Id.* § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel; appeals to the General Counsel must be submitted within thirty days of the date the Regional Director signed his response. *Id.* Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have required prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks omitted)). Exhaustion allows prison officials to develop a factual record and provides "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549

U.S. 199, 204 (2007). Any arguments not advanced at each step of the administrative appeal are procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002). Moreover, if a prisoner cannot obtain an administrative remedy because of his failure to timely appeal at the administrative level, then the prisoner has procedurally defaulted his § 2241 claim, unless the prisoner can demonstrate cause and prejudice for the failure. *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996), *cited with approval in Watkins v. Compton*, 126 F. App'x 621, 622 (4th Cir. 2005). Additionally, "[w]here a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241, the exhaustion of administrative remedies is jurisdictional." *Hicks v. Jordan*, 165 F. App'x 797, 798 (11th Cir. 2006); *see Timms*, 627 F.3d at 533. Although the exhaustion of administrative remedies is not waivable, *Jeter*, 161 F.3d at *2 (4th Cir. 1998), some courts have held that the judicial exhaustion requirement of § 2241 may be excused by courts for discretionary reasons, such as where requiring exhaustion would be futile. *See, e.g.*, *Dunkley v. Hamidullah*, No. 6:06-cv-2139-JFA-WMC, 2007 WL 2572256, at *2 (D.S.C. Aug. 31, 2007). Further, courts have emphasized a petitioner's failure to exhaust administrative remedies may be excused only upon a showing of cause and prejudice. *McClung*, 90 F. App'x at 445 (*citing Carmona*, 243 F.3d at 634–35).

**III.    Discussion**

The Magistrate Judge thoroughly addressed each of Petitioner's grounds for relief in light of the governing law and recommends that the § 2241 petition be dismissed because Petitioner failed to exhaust his administrative remedies and has not demonstrated any excusing cause or prejudice. Having reviewed the R & R and Petitioner's objection to it, the Court adopts the recommendation. Petitioner concedes that he has not exhausted his administrative remedies. *See Rodgers v. Glenn*, No. 1:16-cv-0016-RMG, 2017 WL 1051011, at *3 (D.S.C. Mar. 20, 2017) ("Because [petitioner] admits he did not [exhaust his administrative remedies], his lawsuit is barred

by statute."). Instead, Petitioner argues in his § 2241 and objections to the R & R that exhaustion would be futile because his grounds for relief involve an issue of statutory construction. This claim is without legal merit. Moreover, there is no statute requiring such interpretation at issue. Petitioner asks the Court to order the BOP to calculate and award ETC for certain program participation. But the "BOP should be afforded the opportunity to correct any alleged errors, to develop its factual record, and apply its expertise to the situation." *Mero v. Phelps*, No. 4:20-cv-3615-MGL-TER, 2020 WL 7774378, at *2 (D.S.C. Nov. 2, 2020). For these reasons, Petitioner's § 2241 is subject to dismissal without prejudice for failure to first exhaust the administrative remedies.

**IV.    Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 13) as the order of the Court to **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 (Dkt. No. 1) and **DENY** Petitioner's "emergency motion pursuant to 28 U.S.C. § 2241 and notice for immediate consideration" of his § 2241 petition (Dkt. No. 3).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 26, 2021
Charleston, South Carolina